IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:09-CV-77-RJC-DCK

| | | |
|---|---|---|
| DARRYL L. CULP and BETTIE O. CULP, | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| COUNTRYWIDE HOMES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Dismiss" (Document No. 3) filed by Defendant Countrywide Homes, Inc. ("CHL") on May 4, 2009. The *pro se* Plaintiffs belatedly sought, and were granted, additional time to file a late response. Despite being given additional time, Plaintiffs did not file a response within the extended time. The motion has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having fully considered the record, the undersigned recommends that the motion be **granted**, based upon the following proposed findings of fact and conclusions of law:

### I. Background

Before discussing the present motion, it bears mentioning that the *pro se* Plaintiffs have previously filed several similar lawsuits challenging their mortgage. *See Culp v. Countrywide Home Loans,* Case No. 5:07-CV-137-GCM; *Culp v. HSBC Consumer Lending U.S.A., Inc.*, Case No. 3:08-CV-526-RJC (noting that Plaintiffs had also filed a substantially similar action in state court).[1]

---

[1]This Court may take judicial notice of matters of public record when considering a Rule 12(b)(6) motion without converting to summary judgment. *See, e.g., Norfolk Federation of Business Dist. v. City of Norfolk*, 103 F.3d 119 (table), 1996 WL 671293 *1 (4th Cir. 1996);

In the first case above, Plaintiffs sued Countrywide Homes, Inc. ("CHL") on October 31, 2007, alleging that 1) CHL failed to provide them "with copies of its certificate Issued by the Secretary of State granting permission to conduct business in the State s a foreign corporation;" and 2) their mortgage was "null and void" because of "the Fraud committed in violation of the State Usury Law Cited at GS Chapter 24.1" and under the North Carolina Unfair and Deceptive Trade Practices Act. *(See Culp v. Countrywide Home Loans,* Case No. 5:07-CV-137-GCM, Document No. 1, Exh. A "Complaint."). Plaintiffs alleged that the interest rate on their loan was "usurious" and exceeded the rate permitted by North Carolina law, thus violating the North Carolina Unfair and Deceptive Trade Practices Act. Plaintiffs sought to invalidate their mortgage, to recover amounts paid, and to obtain actual and punitive damages from CHL. On February 17, 2009, this Court dismissed the case pursuant to Rule 12(b)(6) for failure to state a claim. Plaintiffs did not appeal.

In the second case above, with respect to the same mortgage, the *pro se* Plaintiffs sued HSBC Lending U.S.A., Inc. on November 20, 2008 for allegedly "Failing to provide Plaintiffs copies of its certificate Issued by the Secretary of State, Failing to prove ownership of mortgage note including Predatory Lending, Attempting to validate a debt with an Unofficial Document, Violating the Fair Debt Collection Practices Act, and Nondisclosure of right to court protection in unemployment or underemployment cases." *(See Culp v. HSBC Consumer Lending U.S.A., Inc*., Case No. 3:08-CV-526-RJC, Document No. 1, "Complaint"). On April 27, 2009, this Court dismissed the second case based upon the Plaintiffs' failure to properly serve the Defendant.

The *pro se* Plaintiffs filed their third action in this Court on February 27, 2009, bringing

---

*Norfolk Southern Ry. Co. v. Shulimson Bros. Co.*, Inc., 1 F. Supp. 2d 553, 555 n.1 (W.D.N.C. 1998) (same); Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (1990).

claims against CHL in another attempt to challenge their mortgage and to obtain damages from CHL. CHL points out that much of the *pro se* Plaintiffs' Complaint consists of wholly inapplicable language and causes of action apparently lifted from a consumer protection complaint filed by the state of California. (See Document No. 3, Exh. E "California Complaint").[2] For example, the Plaintiffs' present Complaint includes references to "risk-layering," "Piggyback loans," "under-writing standards," and other terms that have no apparent bearing on the Plaintiffs' attempt to challenge their own mortgage.

On May 4, 2009, CHL moved to dismiss the present Complaint, asserting that the Plaintiffs lack "standing" to bring certain claims (*i.e.* the claims brought by the state of California under California state law) and had failed to plead fraud with the particularity required by Rule 9 of the Federal Rules of Civil Procedure. (Document No. 3).

The *pro se* Plaintiffs waited over a month before seeking an extension of time to respond. CHL strongly opposed any extension of time and pointed to the Plaintiffs' pattern of repeated and needless delay in their other lawsuits concerning the same mortgage. Given the lenient treatment generally afforded *pro se* litigants, the Plaintiffs were granted an extension of time until June 12, 2009 to respond. The Court specifically cautioned the Plaintiffs that their "failure to file a timely response may result in dismissal of this case."(Document No. 7). Despite this express warning, several weeks passed beyond the extended deadline without any response by Plaintiffs. Three months after the motion to dismiss was filed, the Plaintiffs filed a response on July 2, 2009, without any explanation for its unexcused lateness. (Document No. 8).

---

[2]*In re Countrywide Financial Corp. Mortg. Marketing and Sales Practices Litigation*, 601 F.Supp.2d 1201 (S.D.Cal. 2009) (dismissing certain claims pursuant to Rule 12(b)(6)).

## II. Issues Before the Court

The Defendant asks this Court to dismiss this case pursuant to Rules 9(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, CHL argues that 1) Plaintiffs lack standing to challenge CHL lending practices on behalf of other borrowers; 2) Plaintiffs are North Carolina citizens with a mortgage obtained in North Carolina, and thus, lack standing to bring any claims under the California Business and Professional Code; and 3) even if the Plaintiffs' allegations are liberally construed as a fraud claim, Plaintiffs have failed to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, and thus, the claim may be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

## III. Discussion

### A. The Allegations of the Complaint

In the present Complaint, the *pro se* Plaintiffs contend that CHL's alleged lending and underwriting practices were unfair and/or deceptive and purportedly misled various unidentified borrowers. (See Document No. 1, p.1, and Counts 1-6). In Counts 1 and 2, Plaintiffs complain about CHL's business practices in selling loans on the secondary market and in allegedly disregarding underwriting standards. In Count Three, Plaintiffs complain about "Pay Option ARM" loans, although the loan documents attached to the Complaint demonstrate that the Plaintiffs did not have this type of loan. (*Id.*, Exh. 6). In Count 4, Plaintiffs fleetingly complain about CHL's advertising slogan "the company you can trust." In Count 5, Plaintiffs allege that CHL "misled borrowers about their ability to refinance before the rates or payments on the Pay Option and Hybrid Arms increased." In Count 6, Plaintiffs complain that CHL's advertising "sought to induce Plaintiff (sic) into believing that Countrywide was looking out for their best interest" and "misled Plaintiffs

about their ability to refinance before the rate or payments on their ARM increased." (*Id*., pp. 8-9).[3] With respect to Counts 1-6, the Complaint identifies two "causes of action" under the California Business and Professional Code for "false advertising" (§ 17500) and for "unfair competition" (§ 17200). Cal.Bus.& Prof. Code §§ 17200, 17500.

CHL explains that "[t]he Complaint filed by Plaintiffs is lifted directly from a complaint filed against CHL by the State of California on behalf of California borrowers" and that "rather than alleging a specific wrong CHL purportedly committed against them, Plaintiffs seek to attack CHL's alleged business and lending practices as a whole." (Document No. 3, p. 2).

Plaintiffs indicate that they are "making claim against Countrywide for failing to prove ownership of mortgage note including Predatory Lending; Failing to prove that there was a legally binding contract between the Defendant (Countrywide Home Loans) and the Plaintiffs (Darryl L. Culp); and Failing to perform as agreed under alleged contract." (Document No. 1, p. 1).

For relief, Plaintiffs seek (in their own words): 1) a "declaration that the Defendants have committed the violations alleged herein;" 2) triple damages pursuant to "18 U.S.C. $1962© and (d)" (sic) plus interest, fees, and expenses;[4] 3- 4) various civil penalties pursuant to California law; 5) an order directing the Defendants to "surrender Title and Deed to residence at 799 Pinkney Place,

---

[3] Plaintiffs attach a number of exhibits concerning disclosure requirements in other states. (*Id*. Exh.1-4). Although Plaintiffs have handwritten a few exhibit numbers in the margins, the Complaint fails to shed any light on the relevance of these attachments. Exhibit 5 consists of a copy of a January 5, 2007 appraisal of Plaintiffs' house and a FAX dated October 2, 2007 indicating that CHL had provided Plaintiffs with a copy of the "Note/Installment Contract" upon Plaintiffs' request. Exhibit 6 is a copy of the "Adjustable Rate Note" on July 17, 2006 for $341,872.00 signed by the Plaintiffs.

[4] Although Plaintiffs cite parts (c) and (d) of the "RICO"(Racketeer Influenced and Corrupt Organizations) statute, the cited provisions have nothing to do with damages, and instead, concerns conspiracy and racketeering activity. See 18 U.S.C. §1962.

Stanley, NC 28164, Lot #334, or no less than $375,000;" 6) disgorgement of profits by Defendants; 7) restitution to Plaintiff for Defendants' "unjust enrichment" 8) costs of this action, including fees and expenses; and 9) any other relief.[5] (Document No. 1, p. 14). The Plaintiffs attach over one hundred pages of exhibits, including the "Application Disclosure Handbook," the January 2007 appraisal of their home, and their "Adjustable Rate Note." (*Id*. Exh. 1-6).

The Magistrate Judge is sympathetic to the financial plight of the Plaintiffs. However, the question before the Court is a legal one – namely, whether the lawsuit, as brought, can survive a motion to dismiss. After careful consideration, the Magistrate Judge recommends that it cannot. The record reflects multiple grounds for dismissal of this action.

### B. Civil Rule 12(b)(1), Lack of Standing

The United States Constitution limits federal court jurisdiction to resolution of actual "cases" and "controversies." U.S. Const., art. III, § 2. Standing is a threshold matter with respect to subject-matter jurisdiction. *See Valley Forge Christian College v. Americans United for Separation of Church & State, Inc*., 454 U.S. 464, 476 (1982) (observing that "this Court has always required that a litigant have "standing" to challenge the action sought to be adjudicated in the lawsuit" and that "[t]hose who do not possess Art. III standing may not litigate as suitors in the courts of the United States"); *Warth v. Seldin*, 422 U.S. 490, 498 (1975). A party's standing may be challenged by means of a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Dash v. FirstPlus Home Loan Trust*, 248 F. Supp. 2d 489, 501 (M.D.N.C. 2003).

---

[5]Although Plaintiffs' Complaint consistently refers to plural Defendants, the case caption names only a single Defendant (CHL).

The Plaintiffs bear the initial burden of pleading sufficient facts to demonstrate that subject-matter jurisdiction exists and that they have standing to bring this action. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). CHL asserts that the Plaintiffs' Complaint fails to do this. Plaintiffs have not timely responded, despite an extension of time and an express warning that failure to respond could result in dismissal. While *pro se* litigants are given liberal treatment by the courts, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972), "they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989), *cert denied*, 493 U.S. 1084 (1990); *see also Traquth v. Zuck*, 710 F.2d 90, 95 (2nd Cir. 1983) (explaining that the right to self-representation does not "exempt a party from compliance with relevant rules of procedural and substantive law").

CHL suggests that the Plaintiffs have borrowed certain language and causes of action from a lawsuit by the state of California. Of course, a consumer protection action brought by the state of California is not the equivalent of an action by private parties and "is fundamentally a law enforcement action designed to protect the public and not to benefit private parties." *People v. Pacific Land Research Co.*, 20 Cal.3d 10, 17 (1977). CHL points out that the Plaintiffs cannot bring claims on behalf of other individuals, nor can they bring claims under the California Business and Professional Code. Plaintiffs, as North Carolina citizens with a mortgage secured by North Carolina real property, do not indicate on what basis they purport to bring claims here under California state law. The California statute applies only to conduct that occurred within the State of California.[6] The

---

[6]Moreover, federal courts have specifically held that the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq.*, pre-empts state law claims under the California Business and Professional Code. *Silvas v. E*Trade Mortg. Corp.*, 421 F.Supp.2d 1315 ( S.D.Cal. 2006),

Plaintiffs' documents attached to their Complaint indicate that they obtained their mortgage in North Carolina. Hence, any claims purportedly brought by Plaintiffs under California state law should be dismissed. Other than California law, the Complaint cites no relevant statutes for Counts 1-6.

CHL correctly asserts that the Plaintiffs cannot assert claims on behalf of other borrowers. The present case is not a class action, and it is well-settled that a *pro se* litigant cannot "represent" other *pro se* litigants. *See, e.g., Swinton v. Cannon*, 2009 WL 482351, *2 (D.S.C. 2009); *Klocek v. Gateway, Inc.*, 104 F.Supp.2d 1332, 1344 (D.Kan.2000); *Maldonado v. Terhune*, 28 F.Supp.2d 284, 288 (D.N.J.1998). Generally, a litigant may assert only his own legal rights and cannot base his claims on the interests of third parties.[7] *Powers v. Ohio*, 499 U.S. 400, 410-11 (1991); *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir.1981) (holding that plaintiff could seek redress for violation of his own personal rights, but was not allowed to act as a "knight-errant" for others). Hence, the present Plaintiffs lack standing to assert any claims against CHL on behalf of any other borrowers.

CHL contends that the Complaint fails to allege that any actions by CHL actually harmed the Plaintiffs personally. To have standing, the plaintiffs must have suffered a specific actual injury; there must be a causal connection between the injury and the Defendant's conduct; and it must be likely, rather than merely speculative, that the injury will be redressed by a favorable decision.

---

*affirmed*, 514 F.3d 1001 (9th Cir. 2008) (dismissing mortgage applicants' claim that bank had included false information in its advertising, and holding that HOLA through the Office of Thrift Supervision preempts the entire field of lending regulation); *see also, e.g., In re Ocwen Loan Servicing, LLC Mortgage Servicing Litigation*, 491 F.3d 638 (7th Cir. 2007) (discussing HOLA's preemption of state law and emphasizing that a claim under contract or tort law "does not save it from preemption if it complains of activities that are regulated, and therefore preempted, by the governing federal regulations").

[7]This general rule is subject to limited exceptions not at issue here.

*Lujan*, 504 U.S. at 560-61; *Motor Coach Industries, Inc. v. Dole*, 725 F.2d 958, 963 (4th Cir. 1984) ("The focus of the constitutional inquiry must always be the party's 'injury in fact' – whether he has suffered a sufficiently concrete injury to justify the invocation of the judiciary's remedial powers.").

Counts 1-5 plainly concern other borrowers and the overall business practices of CHL, rather than any alleged injury to the present Plaintiffs. Absent injury to their own interests, the Plaintiffs have no standing to bring these claims. Count 6 also concerns other borrowers and the overall business practices of CHL, but arguably applies to the present Plaintiffs as well. In Count 6, Plaintiffs indicate they are bringing a claim against CHL for "forcing Plaintiffs into situation of possibility of loosing (sic) their home." (Document No. 1, p. 8). In any event, even assuming that Count 6 refers to the present Plaintiffs, the claim is still subject to dismissal because the Plaintiffs may not assert claims under the California Business and Professional Code.

### C. Failure to Plead Fraud with Particularity

Although it is not clear that the Complaint actually alleges a claim of "fraud" in the present action, CHL anticipates that the allegations of the Complaint might be construed as a fraud claim.[8] CHL therefore alternatively argues that the allegations are insufficiently pleaded under Rule 9 and are subject to dismissal for failure to state a claim for relief under Rule 12(b)(6). Fed.R.Civ.P. 9(b), 12(b)(6).

To survive a Rule 12(b)(6) motion, the complaint's "[f]actual allegations must be enough to

---

[8] In their belated response which is not properly before the Court, the Plaintiffs argue that they are alleging fraud under N.C.Gen.Stat. § 14-118.12. However, the Complaint does not so indicate. Moreover, that 2007 statute provides that it is a criminal offense for a person to knowingly make material misstatements within the mortgage lending process with the intention that a mortgage lender rely on those misrepresentations. The statute became effective December 1, 2007, and applies to offenses committed on or after that date. The Plaintiffs' mortgage note was signed on July 17, 2006. (Document No. 1, Exh. 6).

raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564-65, 570 (2008); *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009). For purposes of a motion to dismiss, the Court must take all well-pleaded factual allegations in the complaint as true, but need not accept as true "a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp.*, 213 F.3d 175, 180 (4th Cir. 2000) (explaining that a court need not accept as true legal conclusions, unwarranted inferences, unreasonable conclusions, or arguments).

To the extent that the Complaint could be construed as alleging "fraud" (rather than violation of California state law as actually stated in the Complaint), Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). The United States Supreme Court recently explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* – U.S. – , 129 S.Ct. 1937, 1954 (2009) (discussing the requirement that fraud be pleaded with particularity).

The essential elements of fraud under North Carolina law are (1) a false representation or concealment of a material fact; (2) reasonably calculated to deceive; (3) made with intent to deceive; (4) which does in fact deceive; and (5) resulting in damage to the injured party. *Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974).

To the extent the Plaintiffs have based their claims on a consumer protection action by the state of California, it should be pointed out that the federal court in California <u>dismissed</u> those fraud claims for failure to satisfy the particularity requirement of Rule 9. *In re Countrywide Financial Corp. Mortg. Marketing and Sales Practices Litigation*, 601 F.Supp.2d 1201 (S.D.Cal. 2009)

(observing that the mortgagors merely alleged that "the misrepresentations occurred prior to agreeing to refinance the loan" and that this was insufficient under Rule 9(b), which demands greater specificity in the time and place of the misrepresentations).

The present Plaintiffs' allegations fare no better. In Count 6, the Plaintiffs take issue with CHL's advertising slogan "the company you can trust" and its marketing strategy of sending unspecified letters and emails for the purpose of obtaining customers for refinancing. (Document No. 1, pp. 8-9). Plaintiffs further allege in general fashion, without dates, times, names or places, that CHL "misled the Plaintiffs about their ability to refinance before the rate or payments on their ARM increased" and that CHL told them "that the value of their home would increase, thus increasing enough equity to refinance loan with better terms." (*Id*.). These generalized allegations are insufficient to set forth a claim of fraud.

In pleading fraud, the particularity requirement may be met "by alleging time, place, and content of the fraudulent representation, identity of the person making the representation, and what was obtained as a result of the fraudulent act or representations." *Terry v. Terry*, 302 N.C. 77, 85 (1981). Similarly, the Fourth Circuit Court of Appeals has stated that the "circumstances" required to be pled with particularity are the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). Plaintiffs' allegations fail to meet any of these basic pleading requirements.

CHL points out that the Plaintiffs merely allege that they are have a "possibility of loosing (sic) their home." (Document No. 1, p. 8). "It is well-settled under North Carolina law … that a complaint claiming fraud is fatally defective unless it alleges detrimental reliance and damages

proximately flowing from such reliance with particularity." *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir. 1990). CHL points out that statements involving possibilities and future events, rather than past or existing facts, generally will not form the basis for a fraud claim. *See, e.g., B & F Slosman v. Sonopress, Inc.*, 148 N.C. App. 81, 86 (2001)., *rev. denied*, 355 N.C. 283 (2002).

### D. Res Judicata

Finally, the Plaintiffs' previous lawsuit challenging their mortgage on the basis of "fraud" by CHL was dismissed pursuant to Rule 12(b)(6) by this Court. *(See Culp v. Countrywide Home Loans,* Case No. 5:07-CV-137-GCM, Document No. 16 "Order"). The Plaintiffs had alleged that their mortgage was "null and void" due to "fraud" by CHL. Plaintiffs alleged CHL had violated the "State Usury Law Cited at GS Chapter 24.1" and the North Carolina Unfair and Deceptive Trade Practices Act. Plaintiffs alleged that CHL failed to provide them with copies of its certificate issued by the North Carolina Secretary of State granting CHL permission to conduct business in North Carolina. This Court dismissed the case for failure to state a claim pursuant to Rule 12(b)(6). (Document No. 3-6, p. 1 "Order").

Plaintiffs may not take repeated "bites of the apple" and persist in litigating claims that have been already been rejected by this Court. Even if the Plaintiffs now assert their fraud claim against CHL in somewhat different terms or under different grounds, Plaintiffs are still attempting to challenge the validity of the same mortgage from the same Defendant based on allegations that could have been raised in the prior lawsuit. *See Travelers Indem. Co. v. Bailey,* – U.S. –, 2009 WL 1685625, *10 (U.S. 2009) (explaining that an order became "res judicata to the parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that

purpose") (citing *Nevada v. United States*, 463 U.S. 110, 130 (1983)). "A final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. ----, 128 S.Ct. 2161, 2171 n. 5 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).

Thus, provided that this Court's previous dismissal of Plaintiffs' mortgage fraud claim was "with prejudice," and to the extent the Plaintiffs are attempting to reassert their fraud claim against CHL, the claim is barred by the principle of *res judicata*. *See, e.g., Lawson v. Toney*, 169 F. Supp. 2d 456, 462 (M.D.N.C. 2001) (observing that a Rule 12(b)(6) dismissal with prejudice "acts as an adjudication on the merits" and precludes a plaintiff from refiling that claim).

### IV. Conclusion

Given that the *pro se* Plaintiffs are North Carolina citizens, that their mortgage was obtained in North Carolina, and that the mortgage is secured by real property located in North Carolina, Plaintiffs may not sue CHL in Counts 1-6 for alleged violation of the California Business and Professional Code. Moreover, this case is not a class action, and the Plaintiffs lack standing to bring claims on behalf of any other borrowers. Even assuming that Plaintiffs are attempting to assert a fraud claim on their own behalf, the Complaint does not plead fraud with the particularity required by Rule 9, and thus, fails to state a claim pursuant to Rule 12(b)(6). Finally, to the extent this Court dismissed the Plaintiffs' previous fraud claims against CHL, and to the extent the Plaintiffs are now attempting to reassert those claims, the Plaintiffs claims are barred by *res judicata*.

**IT IS, THEREFORE, RECOMMENDED** that the Defendants' "Motion To Dismiss" (Document No. 3) should be **GRANTED;** the Complaint should be **DISMISSED** as follows**:**

1) Counts 1-6 should be dismissed pursuant to Rule 12(b)(1) for lack

of jurisdiction;

2) alternatively, Counts 1-6 may be dismissed with prejudice pursuant to Rules 9(b) and 12(b)(6); and

3) to the extent Plaintiffs' allegations could be construed as a claim of fraud against CHL, that claim may be dismissed on *res judicata* grounds.

## V. Notice of Appeal Rights

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions law and the recommendations contained in this memorandum must be filed within ten (10) days after service of same. *Snyder v. Ridenour*, 889 F.2d 1363, 1365 (4th Cir.1989); *United States v. Rice*, 741 F.Supp. 101, 102 (W.D.N.C.1990). Failure to file objections to this memorandum with the District Court constitutes a waiver of the right to *de novo* review by the District Court, *Snyder*, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir.1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984).

Signed: July 10, 2009

David C. Keesler
United States Magistrate Judge